UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUANNAH L. TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.  09-CV-92-CVE-TLW |
| v. | ) |
| | ) |
| LVNV FUNDING, LLC, | ) |
| LOVE, BEAL & NIXON, P.C., | ) |
| WILLIAM L. NIXON, Jr., | ) |
| JENNIFER A. GANI, and JAMES PERRY, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**
**(Jury Trial Demanded)**

I. Introduction

1.      This is an action for damages brought by an individual consumer for violations of the the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and other common law, and state law remedies.

II. Jurisdiction and Venue

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692 et seq. (hereafter the Fair Debt Collection Practices Act or "FDCPA") and 28 U.S.C. § 1331, 1332, and 1367 as there exists complete diversity; supplemental jurisdiction is proper as the state law claims cited herein form part of the same case or controversy as the federal claims; said state law claims are based upon substantially similar facts; and the Plaintiff resides within this judicial district.  Venue is also therefore proper under 15 U.S.C. §1391 (b).

### III. Parties

3.        Plaintiff, Quannah L. Tucker, is a natural person residing in Vinita, Oklahoma and therefore is an Oklahoma resident residing within this judicial district.

4.        Defendant, Love, Beal and Nixon, P.C., (hereinafter "LBN"), is an Oklahoma Professional Corporation engaged in the business of collecting debts in the state of Oklahoma. LVNV Funding, LLC, (hereinafter "LVNV") hired LBN to collect a consumer debt allegedly owed by Plaintiff Quannah L. Tucker.

5.        Defendant, LVNV, is a Foreign Limited Liability Company engaged in the business of collecting debts in this state and other states with its principal place of business located in the State of South Carolina, and it is incorporated in the State of Delaware.  LVNV is in the business of collection of debts using the mails and telephone and said Defendant regularly attempts to collect debts alleged to be due another.

6.        Defendants James Perry (hereafter "Perry"), William L. Nixon, Jr. (hereafter "Nixon") and Jennifer Gani (hereafter "Gani"), are agents and/or employees of LBN and are engaged in collection of debts for his/her employer.

### IV. Factual Allegations

7.        Plaintiff is a single individual living in Craig County, Oklahoma. She is employed by First National Bank of Vinita as a loan officer and as one of her duties as an employee of First National Bank of Vinita, she is in charge of collections of delinquent accounts for said employer.

8.        Plaintiff obtained a Wal-Mart Stores, Inc. credit card sometime in the last fifteen or twenty years. Said card was billed to her under the name of GE Capital and was identified as account number **********9129 (hereafter the "Account").

9.      The Account is a consumer debt as defined by the FDCPA.

10.     Plaintiff is a consumer as defined by the FDCPA.

11.     The Defendants LVNV, LBN, Perry, Nixon and Gani are debt collectors as defined by the FDCPA.

12.     Plaintiff's account was in good standing and there were no payment issues with the account until the early part of 2006 when Plaintiff and her then husband, Duane Tucker, separated and instituted divorce proceedings.

13.     For several months in 2006 Plaintiff received collection calls from GE Capital and made some payments on the account. Plaintiff repeatedly told the calling agents from GE Capital identifying themselves now as Universal Fidelity, LP, collection agents of GE Capital, that as soon as the marital home was sold that the account would be paid in full, but because her estranged husband refused to help pay on the account she could not bring the account current.

14.     On December 13, 2006, after the sale of the marital home was completed, the account was paid in full for the Plaintiff and Duane Tucker with a check made payable to Universal Fidelity, LP on a Vinita Title Company escrow account after obtaining the payoff amount of $10,984.77 from Universal Fidelity, LP and GE Money Bank.  Said check from Vinita Title Company was cashed by Universal Fidelity, LP on December 19, 2006.

15.     On December 21, 2006 the Plaintiff received a letter from Universal Fidelity, LP stating that the account had "been paid in full."

16.     In early 2007 Plaintiff began receiving collection calls from agent identifying themselves as collection agents for the Account.

17.     Plaintiff contacted GE Money Bank and received a letter from them dated October

24, 2007 telling her that the Account was "transferred to Sherman" and to call them. Plaintiff called the number listed in the letter.

18.     On November 2, 2007 Plaintiff received a letter from Resurgent Capital Services, LP referencing GE Capital and LVNV Funding, LLC as the creditors and was told once again in writing that the Account was settled "in full" on November 16, 2006 referencing the same account number she had always had. The back page of the letter referenced the "Sherman Companies" that own the "related companies" which include Resurgent Capital Services, LP and LVNV Funding, LLC.

19.     In 2008 Plaintiff received at least two more collection calls from collectors claiming that she still owed money on the Account.

20.     On March 19, 2009 Defendant LVNV via its hired debt collectors LBN and Nixon sent her a letter stating that she still owed the debt on the Account and that the Account had been assigned to LBN for collection.

21.     On March 26, 2009 Plaintiff spoke with employee Perry of LBN by phoning the number listed on the collection letter and subsequently faxed the Defendants LBN and Perry a copy of their collection letter sent to her along with a copy of the December 21, 2006 letter from Universal Fidelity, LP referencing the Account and the fact that it had been paid in full.

22.     Plaintiff repeatedly called LBN's office and spoke with Perry who told her each time he was "waiting for a response from their client."

23.     On July 15, 2009 LVNV, Gani and LBN filed a civil suit against the Plaintiff on the Account in Craig County, Oklahoma District Court in the amount of $10,984.77, plus a demand for interest, attorney fees and costs.

24.     Plaintiff was served with summons and complaint in said suit on July 28, 2009.

25.     Plaintiff called and spoke with Perry at LBN's office again and then faxed him at LBN's office on August 3, 2009 a copy of the check from Vinita Title Company cited above, a copy of the summons served upon her and once again a copy of the Universal Fidelity, LP letter dated December 21, 2006 evidencing yet again that the Account had been paid in full.

26.     On August 5, 2009 Plaintiff called LBN's office and spoke with Perry again who acknowledged receipt from her of both faxes and promised Plaintiff that he was "investigating" the file.

27.     Plaintiff called LBN's office one last time and spoke with Perry again on August 12, 2009 and he told her that "I'd close the case, but this isn't up to me," and then responded to her inquiry as to whether or not she should get a lawyer by saying "maybe you should."

V. Claims for Relief

28.     Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through twenty-seven (27) above listed.

29.     Defendants LVNV, LBN, Nixon, Perry and Gani (hereafter "Defendants") violated the FDCPA.  Their violations include, but are not limited to, the following:

(a)     The Defendants violated 15 U.S.C. § 1692g(b) as the Defendants were notified in writing by the Plaintiff that the debt was disputed.  Defendants failed to validate the debt.

(b)     The Defendants violated 15 U.S.C. § 1692e(2)(a) by misstating, deceiving and confusing the Plaintiff as to the amount of the alleged indebtedness.

(c)     The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect more than was legally owed (i.e. the debt was paid in full).

(d)     The Defendants violated 15 U.S.C. § 1692d by engaging in conduct, which the natural

consequences of which was to harass, oppress and abuse the Plaintiff (sending collection correspondence on unpaid debt).

(e)     The Defendants violated 15 U.S.C. § 1692e (10) by using false representations and deceptive means in an attempt to collect an alleged debt by alleging in correspondence that the paid in full debt was still owed.

(f)     The Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in an attempt to collect an alleged debt by filing suit in the Craig County Oklahoma District Court alleging that a debt paid in full was still owed after having been presented proof from the Plaintiff that is was no longer owed.

30.     The acts of Defendants LVNV, LBN, Perry, Nixon and Gani as described above, were done intentionally and maliciously with the purpose of inflicting severe emotional distress on the Plaintiff, therefore, said actions of these Defendants constitute a course of action under Oklahoma State Law for fraud, intentional infliction of emotional distress, invasion of privacy, negligence, abuse of process and harassment.

31.     As a result of the above-cited violations of the FDCPA, the Defendants LVNV, LBN Perry, Nixon and Gani are each liable to the Plaintiff for actual damages in an amount to be proven at trial, together with costs and attorney's fees.

32.     As a result of the above violations of the FDCPA, the Defendants LVNV, LBN, Perry, Nixon and Gani are each liable to the Plaintiff for statutory damages in the amount of One Thousand Dollars ($1,000.00) for each such violation, together with costs and attorney's fees.

33.     As a result of the above intentional infliction of emotional distress, fraud, negligence, invasion of privacy, abuse of process and harassment of the Plaintiff, the Defendants LVNV, LBN,

Nixon, Perry and Gani, are liable to the Plaintiff for punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

34.     The Defendant LVNV should have been aware of the malicious actions of the Defendants LBN, Nixon, Perry and Gani in that Defendants LBN Nixon, Perry and Gani were agents of LVNV and, therefore, said wrongful acts as described above must be imputed to Defendant LVNV as a principle, as well as LVNV's initial reporting of the account to LBN.

WHEREFORE, Plaintiff, Quannah L. Tucker, respectfully prays judgment be entered against the Defendants LVNV, LBN, and Nixon, Perry and Gani as stated herein and as follows:

(a)     Awarding Plaintiff compensatory damages in an exact amount which will be proven at trial, together with interest thereon, as well as punitive damages.

(b)     Awarding Plaintiff maximum statutory damages as provided under the Fair Debt Collection Practices Act including costs and her reasonable attorneys' fees incurred.

(c)     Awarding Plaintiff maximum statutory damages for fraud, negligence, abuse of process and harassment including costs of this action and a reasonable attorney's fee.

(d)     Awarding Plaintiff maximum statutory damages for intentional infliction of emotional distress including costs of this action and a reasonable attorney's fee.

(e)     Awarding Plaintiff punitive damages in excess of $10,000.00, said amount to be determined at trial.

(f)     Enjoining the Defendants from continuing the unfair and deceptive practices complained of in this action.

(g)     Declaring the Account to be paid in full.

(h)     Such other relief as may be just and proper.

QUANNAH L. TUCKER, Plaintiff


    s/Thomas J. McGeady    
Thomas J. McGeady, O.B.A. #5984
Martha L. Londagin, O.B.A. # 15807
Courtney M. Wolin, O.B.A. #19975
Logan & Lowry, LLP
101 South Wilson Street
P.O. Box 558
Vinita, OK 74301
Tel. (918)256-7511
Fax. (918)256-3187
Attorneys for Plaintiff


JURY TRIAL DEMANDED

ATTORNEY'S LIEN CLAIMED

STATE OF OKLAHOMA   )

                    ) ss.

COUNTY OF CRAIG     )

    Quannah L. Tucker, being first duly sworn on oath, deposes and says:

    That she is the Plaintiff named in the foregoing instrument; that she has read said Petition and knows the contents thereof and states that all matters and statements therein contained are true and correct.

_Quannah L. Tucker_
Quannah L. Tucker

    Subscribed and sworn to before me this ___7th___ day of December, 2009, by Quannah L. Tucker.

_Susan Jordan_
Notary Public

My commission expires:

_____

Commission No.:

_____